**Ephraim Solomon ABRAHAM, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–74552.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2008.

Filed April 7, 2008.

Before: GIBSON *, O'SCANNLAIN, and GRABER, Circuit Judges.

MEMORANDUM **

Ephraim Solomon Abraham, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("BIA") which summarily affirmed the order of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

I

■ Substantial evidence does not support the IJ's finding that Abraham was not persecuted on account of his political opinion because Abraham's testimony, which the IJ found credible, established that his membership in the Oromo Liberation Front was at least one reason for his treatment at the hands of the Ethiopian authorities. *See Ndom v. Ashcroft*, 384 F.3d 743, 755 (9th Cir.2004) ("[P]ersecution 'in the absence of any legitimate criminal prosecution, conducted at least in part on account of political opinion, provides a proper basis for asylum and withholding of deportation, *even if* the [persecution] served intelligence gathering purposes.'" (emphasis

added) (alteration in original) (footnote omitted) (quoting *Ratnam v. INS*, 154 F.3d 990, 996 (9th Cir.1998))).

II

■ Substantial evidence does not support the IJ's finding that Abraham lacked a well-founded fear of future persecution because the IJ failed to acknowledge the mixed evidence of country conditions in the State Department reports and failed to determine how such conditions would affect Abraham's particular situation. While an IJ's mere failure to acknowledge ambiguous or contradictory passages in a country report does not strip its decision of substantial evidence, *Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998–99 (9th Cir.2003), the IJ must provide an "individualized analysis of how changed conditions will affect the specific petitioner's situation," *id.* at 1000 (internal quotation marks omitted). As such, we remand to the BIA to conduct this individualized analysis in light of whatever more recent information is available regarding current conditions in Ethiopia. *See Lopez v. Ashcroft*, 366 F.3d 799, 806–07 (9th Cir.2004).

III

We also remand for an individualized determination of whether Abraham's presumption of eligibility for withholding of removal was rebutted. *See id.* at 807 n. 5 (remanding petitioner's claim for withholding of deportation where it was not possible to ascertain how BIA would rule on such claim in light of the court's decision to remand petitioner's claim for asylum).

IV

■ The IJ erred by applying the standard that governs claims for asylum to

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Abraham's CAT claim. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003) (explaining that the two standards are "distinct and should not be conflated"). Thus, we further remand to the BIA for consideration of Abraham's CAT claim under the proper standard. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

## V

We lack jurisdiction to consider Abraham's claim for humanitarian asylum because he failed to exhaust that issue before the BIA. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1079 n. 5 (9th Cir.2004); *Vargas v. INS,* 831 F.2d 906, 907–08 (9th Cir.1987).

**PETITION FOR REVIEW GRANTED in part; DISMISSED in part; REMANDED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.